Camellia Baray, State Bar No. 179219
BONJOUR, THORMAN, BARAY & BILLINGSLEY
24301 Southland Dr., Ste 312
Hayward, Ca. 94545
Telephone: (510) 785-8400
Facsimile: (510) 670-0955
camellia@btbandb.com

Attorneys for Plaintiff Joseph Halbleib

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH HALBLEIB,<br><br>Plaintiff,<br><br>v.<br><br>CHP OFFICER DALE COPPAGE;<br>FORMER CHP COMMISSIONER<br>MICHAEL BROWN; DOES 1-50, inclusive,<br><br>Defendants. | No.<br><br>COMPLAINT FOR PERSONAL INJURIES AND DAMAGES FOR VIOLATION OF CIVIL RIGHTS<br>(42 U.S.C. §1983 and pendent tort claims)<br><br>DEMAND FOR JURY TRIAL |

## JURISDICTION

1. This action arises under 42 U.S.C. §1983. Jurisdiction is based on 28 U.S.C. §§1331 and 1343.

## INTRADISTRICT ASSIGNMENT

2. The claims alleged in this Complaint arose in the City of Pleasanton, State of California. Therefore, venue and assignment lie in the United States District Court for the Northern District of California, San Francisco or Oakland Divisions. 28 U.S.C. §1391(b)(2).

Complaint                                      1

## PARTIES

3. Plaintiff, JOSEPH HALBLEIB, is a male citizen of the United States of America. He currently resides in Contra Costa County, in the state of California.

4. Defendant California Highway Patrol Officer DALE COPPAGE was at all times herein mentioned, an officer for the California Highway Patrol (hereinafter CHP) and is sued herein in his individual capacities.

5. Defendant, the former CHP Commissioner, MICHAEL BROWN, at all times herein mentioned and during the time of alleged unlawful acts and practices, was the Commissioner for the California Highway Patrol. Defendant BROWN is sued in his individual capacities.

6. Plaintiff is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive and therefore sues said defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and upon such information and belief alleges that each of the Doe Defendants proximately caused and is legally responsible and liable for the incident, physical injuries, emotional distress and damages hereinafter set forth. Plaintiff will ask leave to amend this complaint to insert further charging allegations when such facts are ascertained.

7. In doing the acts alleged herein, Defendants, and each of them, acted within the course and scope of their employment for the CHP.

8. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

Complaint 2

## STATEMENT OF FACTS

9.  On or about May 27, 2006, Plaintiff, Joseph Halbleib, was riding his motorcycle westbound on Highway 680 near the El Charro Road exit. Plaintiff Halbleib was accompanied by his friend Jonathan Bidwell, also riding a motorcycle.

10. Plaintiff is informed and believes that on May 27, 2006, Defendant COPPAGE was employed as a CHP officer out of the Dublin CHP office. At the time that Plaintiff and Bidwell were riding on Highway 680, Defendant COPPAGE was on patrol as a motorcycle officer and was dressed in his official uniform. Defendant COPPAGE was parked on or near the El Charro Road freeway onramp/exit and witnessed Plaintiff and Bidwell speeding.

11. Plaintiff is informed and believes that somewhere between the El Charro Road exit and the Hacienda Drive exit on westbound Highway 680, Defendant COPPAGE conducted a traffic stop on Bidwell. Plaintiff did not notice that Bidwell, who had been traveling behind him, had been stopped.

12. Plaintiff is informed and believes that after Bidwell pulled over, Defendant COPPAGE stopped next to Bidwell and took the keys from his motorcycle. Defendant COPPAGE then sped down Highway 680, with his siren on, and with the intention of conducting a traffic stop upon Plaintiff.

13. Plaintiff slowed down when he noticed that Bidwell was no longer near him. As Plaintiff began to look for Bidwell, he heard Defendant COPPAGE'S siren and realized that he was being pulled over. Plaintiff then saw Defendant COPPAGE. Plaintiff immediately began to comply with Defendant COPPAGE'S direction and slowed down to a speed significantly

Complaint    3

below the speed limit in a display of submission to the officer and with the intent to stop at the side of the road.

14. Plaintiff is informed and believes and thereon alleges that, without provocation or warning, Defendant COPPAGE intentionally kicked Plaintiff's motorcycle while he was slowing down and attempting to come to a safe stop. The officer's act caused Plaintiff to lose control, fall on his side, and skid for several yards with his motorcycle on top of him.

15. Plaintiff is informed and believes and thereon alleges that, within 1 - 2 minutes of Plaintiff's fall, 911 dispatch received a call from an independent witness who called to report that a CHP officer had just kicked a motorcycle rider and caused the motorcycle rider to fall to the asphalt.

16. In kicking Plaintiff over while on a moving motorcycle, Defendant COPPAGE subjected Plaintiff to excessive and/or deadly force and/or an unreasonable search and seizure, which was both unreasonable and shocking given the fact that Plaintiff had submitted to Defendant COPPAGE'S assertion of authority to detain and/or seize Plaintiff.

17. Defendant COPPAGE was conducting an enforcement stop against Plaintiff for a traffic violation/infraction. Plaintiff did not resist the officer's authority; rather, he complied with the officer's directions. At no time during the stop did Plaintiff attempt to flee and/or threaten Defendant COPPAGE..

18. After sliding down a considerable length of freeway with his motorcycle on top of him, Plaintiff's body eventually came to rest in the right hand lane of freeway traffic. Defendant COPPAGE and or DOES 1-5 and/or each of them lifted the motorcycle off Plaintiff and pulled him to the freeway shoulder.

19. Rather than leave Plaintiff still and wait for emergency personnel to arrive, Defendant COPPAGE and/or DOES 1-5 and/or each of them engaged in further conduct which subjected Plaintiff to excessive and/or other unnecessary force when one or more of the Defendants handcuffed Plaintiff, who had sustained injuries to his shoulder and torso. Plaintiff was left with his hands cuffed, lying down on the ground, until paramedics arrived.

20. Plaintiff was taken to the hospital after the incident and treated for "road rash" (which affected a significant amount of his body) as well as other injuries. As a result of Defendant's actions, Plaintiff not only suffered physical injury, but also suffered anguish, grief, shock, and depression which affected both his personal and professional life.

21. Plaintiff is informed and believes and thereon alleges that the conduct of Defendant COPPAGE, DOES 1-5 and/or each of them, was intentional, malicious, oppressive, fraudulent and/or done with a conscious or reckless disregard for the Plaintiff's rights and may thereby support a claim for punitive or exemplary damages in amounts to be determined according to proof.

22. Plaintiff is further informed and believes and thereon alleges that Defendant BROWN, DOES 6-50 and/or each of them, had prior notice of similar acts of alleged misconduct on the part of Defendant COPPAGE, DOES 1-5 and/or each of them, but failed to take any or appropriate remedial action in response thereto prior to the subject incident.

///

///

///

Complaint                                    5

## CLAIMS FOR RELIEF

FIRST CLAIM FOR RELIEF
(42 USC SECTION 1983)
(AGAINST DEFENDANT COPPAGE, DOES 1-5)

23. Plaintiff re-alleges and incorporates by reference herein Paragraphs 1 through 22.

24. In doing the acts complained of herein, Defendant COPPAGE and/or DOES 1 - 50 and/or each of them, acted under color of state law to deprive Plaintiff of certain constitutionally protected rights, including, but not limited to:

(a) the right not to be deprived of liberty without Due Process of Law;

(b) the right to be free from unreasonable search or seizure;

(c) the right to be free from the use of excessive and/or deadly force by highway patrol officers and/or

(d) the right to equal protection of the law.

25. These rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution. WHEREFORE, Plaintiff prays for relief as set forth below.

SECOND CLAIM FOR RELIEF
(42 USC SECTION 1983)
(AGAINST DEFENDANTS BROWN, DOES 6-50)

26. Plaintiff re-alleges and incorporates by reference herein Paragraphs 1 through 25.

27. Plaintiff is informed and believes and thereon alleges that Defendants BROWN, and/or CHP supervisors, and/or DOES 6 - 50 and/or each of them, individually and/or in their official capacities, knew or reasonably should have known about repeated acts of misconduct by Defendant COPPAGE.

Complaint    6

28.   Plaintiff is informed and believes and thereon alleges that Defendants BROWN, and/or DOES 6 - 50 and/or each of them, while acting under color of law, approved, ratified, condoned and/or tacitly authorized a continuing pattern of misconduct and/or civil rights violations by Defendant COPPAGE.

29.   Plaintiff is further informed and believes and thereon alleges that as a result of their deliberate indifference to, reckless and/or conscious disregard of, and/or failure to prevent the misconduct of Defendant COPPAGE, Defendants BROWN and/or DOES 6-50 and/or each of them, encouraged Defendant COPPAGE to continue in his course of misconduct, resulting in the violation of Plaintiff's rights as alleged below.

30.   The above-mentioned acts and/or omissions and/or deliberate indifference of Defendants BROWN and/or DOES 6-50, resulted in the deprivation of Plaintiff of certain constitutionally protected rights, including, but not limited to:

(a) the right not to be deprived of liberty without Due Process of Law;

(b) the right to be free from unreasonable search or seizure;

(c) the right to be free from the use of excessive and/or deadly force by highway patrol officers; and/or

(d) the right to equal protection of the law.

31.   These rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution. WHEREFORE, Plaintiff prays for relief as set forth below.

///

///

Complaint                                                                 7

THIRD CLAIM FOR RELIEF
(NEGLIGENCE)
(AGAINST DEFENDANT COPPAGE)

32. Plaintiff re-alleges and incorporates by reference herein Paragraphs 1 through 31.

33. Defendant COPPAGE, individually and while acting within the course and scope of his employment for the CHP, owed Plaintiff a duty to use reasonable care at or about the times of the aforementioned incidents.

34. In doing the above-mentioned acts and/or omissions, Defendant COPPAGE negligently breached his duty to use reasonable care, directly and proximately resulting in the physical injuries, emotional distress and damages to the Plaintiff as alleged herein.

35. As a result of the negligence of Defendant COPPAGE, Plaintiff suffered the damages, physical injuries, and emotional distress as alleged in this Complaint. WHEREFORE, Plaintiff prays for relief as set forth below.

FOURTH CLAIM FOR RELIEF
(BATTERY)
(AGAINST DEFENDANT COPPAGE)

36. Plaintiff re-alleges and incorporates by reference herein Paragraphs 1 through 35.

37. In doing the acts alleged in this Complaint, Defendant COPPAGE, caused Plaintiff to be subjected to non-consensual, non-privileged, offensive touching of the Plaintiff's body constituting battery.

38. As a result of this battery, Plaintiff suffered the damages, physical injuries, and emotional distress alleged in this Complaint. WHEREFORE, Plaintiff prays for relief as set forth below.

FIFTH CLAIM FOR RELIEF
(NEGLIGENT HIRING, SUPERVISION, TRAINING AND/OR DISCIPLINE)
(AGAINST DEFENDANTS BROWN AND DOES 1-50)

39. Plaintiff re-alleges and incorporates by reference herein Paragraphs 1 through 38.

40. Plaintiff is informed and believes and thereon alleges that Defendants BROWN and/or DOES 6-50 had, at all times mentioned herein, a duty to use reasonable care with respect to the hiring, supervision, training, retention and/or discipline of members of the CHP, including, but not limited to, Defendant COPPAGE and/or DOES 1-5, to avoid foreseeable injury and damages to members of the public, such as the Plaintiff.

41. Plaintiff is informed and believes and thereon alleges that Defendants BROWN and/or DOES 6 - 50 and/or each of them, negligently breached said duty to use reasonable care in the hiring, training, supervision, retention and/or discipline of members of the CHP, including, but not limited to, Defendant COPPAGE and/or DOES 1-5, resulting in the damages, physical injuries and emotional distress sustained by the Plaintiff as alleged in this Complaint. WHEREFORE, Plaintiff prays for relief as set forth below.

SIXTH CLAIM FOR RELIEF
(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)
(AGAINST DEFENDANT COPPAGE)

42. Plaintiff re-alleges and incorporates by reference herein Paragraphs 1 through 41.

43. The wrongful conduct of Defendant COPPAGE as set forth in this Complaint was outrageous, and was committed with the intent to cause extreme emotional distress and/or with reckless disregard of the probability that Plaintiff would suffer emotional distress.

Complaint                                          9

44. Defendant COPPAGE'S willful, intentional and malicious conduct caused Plaintiff to suffer severe mental and emotional distress. WHEREFORE, Plaintiff prays for relief as set forth below.

### SEVENTH CLAIM FOR RELIEF
### (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)
### (AGAINST DEFENDANT COPPAGE)

45. Plaintiff re-alleges and incorporates by reference herein Paragraphs 1 through 44, except for any and all allegations of intentional, outrageous and oppressive conduct by Defendants.

46. The wrongful conduct of Defendant COPPAGE, as set forth in this Complaint, constitutes negligent conduct which was committed without regard for the rights of Plaintiff.

47. Defendant COPPAGE'S negligent conduct caused Plaintiff to suffer severe mental and emotional distress. WHEREFORE, Plaintiff prays for relief as set forth below.

### STATEMENT OF DAMAGES

48. Plaintiff re-alleges and incorporates by reference herein Paragraphs 1 through 47.

49. As a result of the acts and/or omissions of Defendants, and each of them, as alleged herein, Plaintiff suffered damages, including, but not limited to:

   a. General damages, including, but not limited to, past, present and future damages for pain, suffering, emotional distress, permanent disability and/or loss of liberty in amounts to be determined according to proof;

Complaint                                    10

b. Special damages, including, but not limited to, past, present and/or future medical and related expenses, lost wages, damage to career and/or other special damages in amount to be determined according to proof;

50. The acts and/or omissions of Defendants BROWN, COPPAGE, DOES 1-50, and/or each of them, were intentional, malicious, oppressive and/or done with a conscious or reckless disregard for the rights of the Plaintiff. Accordingly, Plaintiff prays for an award of punitive and exemplary damages in amounts to be determined according to proof.

51. Plaintiff will also be entitled to an award of attorneys' fees and costs pursuant to statute(s) in the event that he is the prevailing party in this action under 42 U.S.C. Section 1983 and/or under other statutes and/or laws.

## COMPLIANCE WITH GOVERNMENT TORT CLAIM REQUIREMENT

52. Prior to commencing this litigation, Plaintiff presented a timely Tort Claim to the California Highway Patrol pursuant to the California Tort Claims Act. This Claim was rejected.

## JURY TRIAL DEMAND

53. Plaintiff hereby demands a jury trial.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. General damages in amounts to be determined according to proof;

2. Special damages in amounts to be determined according to proof;

Complaint                                    11

3. Attorneys' fees pursuant to statutes;

4. Costs of suit;

5. Punitive and exemplary damages in amounts to be determined according to proof as to the individual defendants;

6. For pre and post judgment interest as permitted by law; and

7. For such other and further relief as the Court may deem just and proper.

DATED: May 23, 2008                    Respectfully Submitted,


_____
CAMELLIA BARAY
Attorney for Plaintiff

Complaint                                           12