1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  TYLER B. PON
   Supervising Deputy Attorney General
3  DAVID W. HAMILTON, State Bar No. 88587
   Deputy Attorney General
4   1515 Clay Street, 20th Floor
    P.O. Box 70550
5   Oakland, CA  94612-0550
    Telephone:  (510) 622-2193
6   Fax:  (510) 622-2121
    Email:  David.Hamilton@doj.ca.gov
7
   Attorneys for Defendants
8  California Highway Patrol Officer Dale Coppage and
   Former California Highway Patrol Commissioner
9  Michael Brown

10

11              IN THE UNITED STATES DISTRICT COURT

12           FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                       OAKLAND DIVISION

14
   | JOSEPH HALBLEIB, | Case No. C 08-02657-CW |
15 |                  |                         |
   |        Plaintiff,| **DEFENDANT DALE COPPAGE'S** |
16 |                  | **ANSWER TO PLAINTIFF'S** |
   |    v.            | **COMPLAINT FOR PERSONAL** |
17 |                  | **INJURIES AND DAMAGES FOR** |
   | CALIFORNIA HIGHWAY PATROL | **VIOLATION OF CIVIL RIGHTS** |
18 | OFFICER DALE COPPAGE, FORMER |                |
   | CALIFORNIA HIGHWAY PATROL | **DEMAND FOR JURY TRIAL AND** |
19 | COMMISSIONER MICHAEL BROWN, DOES | **FOR COURT REPORTER AT** |
   | 1-50, inclusive, | **TRIAL** |
20 |                  |                         |
   |        Defendants.|                        |
21

22

23      Defendant Dale Coppage, in response to the plaintiff's Complaint for Personal Injuries

24  and Damages for Violation of Civil Rights on file herein, admits, denies, and alleges as follows:

25                         **JURISDICTION**

26      1. In answer to paragraph 1, defendant admits this Court has jurisdiction of the

27  plaintiff's claims arising under 42 U.S.C. § 1983 pursuant to 28 U.S.C. §§ 1331 and 1343.

28  //

Def. Dale Coppage's Ans. to Ptf. Cmpt.; Demand for Jury Trial    Joseph Halbleib v. CHP Officer Dale Coppage, et al.
                                                                                          Case No. C 08-02657-CW

1

## INTRADISTRICT ASSIGNMENT

2. In answer to paragraph 2, defendant admits this action is properly venued in the United States District Court for the Northern District of California. Except as expressly so admitted, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph and on that basis denies each and every allegation therein.

## PARTIES

3. In answer to paragraph 3, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph and on that basis denies each and every allegation therein.

4. Defendant admits the allegations in paragraph 4.

5. Plaintiff and defendant have stipulated to dismiss defendant Michael Brown from this action, so it is unnecessary for defendant Coppage to answer the allegations in this paragraph.

6. In answer to paragraph 6, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph and on that basis denies each and every allegation therein.

7. In answer to paragraph 7, defendant admits that at all relevant times he was acting in the course and scope of his employment for the California Highway Patrol ("CHP"). Except as expressly so admitted, defendant denies each and every allegation in that paragraph.

8. In answer to paragraph 8, defendant admits that at all relevant times he was acting under color of law. Except as expressly so admitted, defendant denies each and every allegation in that paragraph.

## STATEMENT OF FACTS

9. In answer to paragraph 9, defendant admits that on May 27, 2006, plaintiff and Bidwell were riding motorcycles on Highway 580, not Highway 680, near El Charro Road. Except as expressly so admitted, defendant denies each and every allegation in that paragraph.

//

Def. Dale Coppage's Ans. to Ptf. Cmpt.; Demand for Jury Trial    Joseph Halbleib v. CHP Officer Dale Coppage, et al.
Case No. C 08-02657-CW

2

10. Defendant admits the allegations in paragraph 10, except that the events described therein occurred on Highway 580, not Highway 680.

11. In answer to paragraph 11, defendant admits the allegations of the first sentence, except that the events described therein occurred on Highway 580, not Highway 680. Except as expressly so admitted, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph and on that basis denies each and every allegation therein.

12. In answer to paragraph 12, defendant admits that he stopped next to Bidwell and took the keys from his motorcycle, then sped down Highway 580, not Highway 680, with the intention of conducting a traffic stop upon plaintiff. Except as expressly so admitted, defendant denies each and every allegation in that paragraph.

13. In answer to paragraph 13, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph and on that basis denies each and every allegation therein.

14. Defendant denies each and every allegation in paragraph 14.

15. In answer to paragraph 15, defendant admits that the Computer Aided Dispatch ("CAD") log of this incident indicates that a witness called CHP Dispatch and reported that a CHP officer had kicked a motorcycle rider, causing him to fall, but defendant further alleges that the CAD log indicates that a second witness called CHP Dispatch and reported that a CHP officer was pushed by a motorcycle rider and needed assistance. Except as expressly so admitted or alleged, defendant denies each and every allegation in that paragraph.

16. Defendant denies each and every allegation in paragraph 16.

17. In answer to paragraph 17, defendant admits and alleges that he was conducting an enforcement stop against plaintiff for misdemeanor traffic violations. Except as expressly so admitted or alleged, defendant denies each and every allegation in that paragraph.

18. In answer to paragraph 18, defendant admits and alleges that plaintiff came to rest in the right hand lane of freeway traffic, and that defendant by himself lifted the motorcycle off plaintiff and pulled plaintiff to safety on the freeway shoulder. Except as expressly so admitted

Def. Dale Coppage's Ans. to Ptf. Cmpt.; Demand for Jury Trial     Joseph Halbleib v. CHP Officer Dale Coppage, et al.
Case No. C 08-02657-CW

3

or alleged, defendant denies each and every allegation in that paragraph.

19. Defendant denies each and every allegation in paragraph 19.

20. In answer to paragraph 20, defendant admits that plaintiff was taken to the hospital and treated after the incident. Except as expressly so admitted, defendant denies each and every allegation in that paragraph.

21. Defendant denies each and every allegation in paragraph 21.

22. Defendant denies each and every allegation in paragraph 22.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

23. In answer to paragraph 23, defendant incorporates herein his responses to the allegations contained in the foregoing paragraphs, as previously set forth above.

24. Defendant denies each and every allegation in paragraph 24.

25. Defendant denies each and every allegation in paragraph 25.

### SECOND CLAIM FOR RELIEF

26. In answer to paragraph 26, defendant incorporates herein his responses to the allegations contained in the foregoing paragraphs, as previously set forth above.

27. Defendant denies each and every allegation in paragraph 27.

28. Defendant denies each and every allegation in paragraph 28.

29. Defendant denies each and every allegation in paragraph 29.

30. Defendant denies each and every allegation in paragraph 30.

31. Defendant denies each and every allegation in paragraph 31.

### THIRD CLAIM FOR RELIEF

32. In answer to paragraph 32, defendant incorporates herein his responses to the allegations contained in the foregoing paragraphs, as previously set forth above.

33. Defendant denies each and every allegation in paragraph 33.

34. Defendant denies each and every allegation in paragraph 34.

35. Defendant denies each and every allegation in paragraph 35.

//

Def. Dale Coppage's Ans. to Ptf. Cmpt.; Demand for Jury Trial   Joseph Halbleib v. CHP Officer Dale Coppage, et al.
Case No. C 08-02657-CW

4

## FOURTH CLAIM FOR RELIEF

36. In answer to paragraph 36, defendant incorporates herein his responses to the allegations contained in the foregoing paragraphs, as previously set forth above.

37. Defendant denies each and every allegation in paragraph 37.

38. Defendant denies each and every allegation in paragraph 38.

## FIFTH CLAIM FOR RELIEF

39. In answer to paragraph 39, defendant incorporates herein his responses to the allegations contained in the foregoing paragraphs, as previously set forth above.

40. Defendant denies each and every allegation in paragraph 40.

41. Defendant denies each and every allegation in paragraph 41.

## SIXTH CLAIM FOR RELIEF

42. In answer to paragraph 42, defendant incorporates herein his responses to the allegations contained in the foregoing paragraphs, as previously set forth above.

43. Defendant denies each and every allegation in paragraph 43.

44. Defendant denies each and every allegation in paragraph 44.

## SEVENTH CLAIM FOR RELIEF

45. In answer to paragraph 45, defendant incorporates herein his responses to the allegations contained in the foregoing paragraphs, as previously set forth above.

46. Defendant denies each and every allegation in paragraph 46.

47. Defendant denies each and every allegation in paragraph 47.

## STATEMENT OF DAMAGES

48. In answer to paragraph 48, defendant incorporates herein his responses to the allegations contained in the foregoing paragraphs, as previously set forth above.

49. Defendant denies each and every allegation in paragraph 49.

50. Defendant denies each and every allegation in paragraph 50.

51. Defendant denies each and every allegation in paragraph 51.

//

//

Def. Dale Coppage's Ans. to Ptf. Cmpt.; Demand for Jury Trial   Joseph Halbleib v. CHP Officer Dale Coppage, et al.
Case No. C 08-02657-CW

5

**COMPLIANCE WITH GOVERNMENT TORT CLAIM REQUIREMENT**

52. In answer to paragraph 52, defendant admits and alleges that plaintiff presented a government tort claim to the California Victim Compensation and Government Claims Board and that his claim was rejected. Except as expressly so admitted or alleged, defendant denies each and every allegation in that paragraph.

**AFFIRMATIVE DEFENSES**

As separate and affirmative defenses, defendant answers and alleges as follows:

AFFIRMATIVE DEFENSE NO. 1.:

The complaint and each cause of action therein fail to allege facts sufficient to constitute a cause of action.

AFFIRMATIVE DEFENSE NO. 2.:

The complaint and each cause of action therein are barred by the two-year statute of limitations of Code of Civil Procedure section 335.1 [relating to assault; battery; injury or death caused by wrongful act or neglect].

AFFIRMATIVE DEFENSE NO. 3.:

The complaint and each cause of action therein are barred by the statute of limitations of Code of Civil Procedure section 342 [relating to claims against public entities and employees] and Government Code sections 945.4, 945.6, and 950.6.

AFFIRMATIVE DEFENSE NO. 4.:

Should plaintiff herein recover damages, the amount thereof should be abated, apportioned and reduced to the extent that the negligence of any other person or entity caused or contributed to damages, if any there were.

AFFIRMATIVE DEFENSE NO. 5.:

Plaintiff herein willingly, voluntarily and knowingly assumed each, every and all the risks and hazards involved in the activities alleged in the complaint.

//

//

Def. Dale Coppage's Ans. to Ptf. Cmpt.; Demand for Jury Trial    Joseph Halbleib v. CHP Officer Dale Coppage, et al.
Case No. C 08-02657-CW

6

AFFIRMATIVE DEFENSE NO. 6.:

Any and all alleged happenings and events, damages and injuries, if any there were, were proximately caused and contributed to by the negligence of plaintiff and others, each and all of whom failed to exercise ordinary care at the times and places alleged in the complaint.

AFFIRMATIVE DEFENSE NO. 7.:

At all relevant times, each defendant acted independently and not in association or concert with or as agent or servant of any other defendant, including any sued herein under fictitious names, or of the employees or agents of other defendants.

AFFIRMATIVE DEFENSE NO. 8.:

This action was filed and is maintained without reasonable cause and without a good faith belief that there is a justifiable controversy under the facts and law to warrant the filing of the pleading. As the proceeding arises under the California Tort Claims Act or is for express or implied indemnity or for contribution in a civil action, defendants are entitled to recover costs, including reasonable attorneys' fees, upon prevailing on summary judgment, judgment before presentation of defense evidence, directed verdict, or nonsuit. (Code Civ. Proc., § 1038.)

AFFIRMATIVE DEFENSE NO. 9.:

Plaintiff's own conduct estops plaintiff from claiming the damages alleged in the complaint.

AFFIRMATIVE DEFENSE NO. 10.:

The action is barred by the doctrines of laches and unreasonable delay in bringing this action.

AFFIRMATIVE DEFENSE NO. 11.:

To the extent that the complaint herein attempts to predicate liability upon any defendant or any agent or employee thereof for purported negligence in retention, hiring, employment, training, or supervision of any public employee, liability is barred by Government Code sections 815.2 and 820.2 and *Herndon* v. *County of Marin* (1972) 25 Cal.App.3d 933, 935-936, reversed on other grounds by *Sullivan* v. *County of Los Angeles* (1974) 12 Cal.3d 710; by the lack of any duty running to plaintiff; by the fact that any such purported act or omission is

Def. Dale Coppage's Ans. to Ptf. Cmpt.; Demand for Jury Trial   Joseph Halbleib v. CHP Officer Dale Coppage, et al.
Case No. C 08-02657-CW

7

governed exclusively by statute and is outside the purview of any public employee's authority; and by the failure of any such acts or omissions to be the proximate cause of any injury alleged in the complaint.

AFFIRMATIVE DEFENSE NO. 12.:

Neither the public entity nor any employee within the scope of employment stood in such a special relationship to any person alleged in the complaint so as to give rise to any duty running to any person.

AFFIRMATIVE DEFENSE NO. 13.:

Because the complaint is couched in conclusory terms, all affirmative defenses that may be applicable to the within action cannot be fully anticipated. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is reserved.

AFFIRMATIVE DEFENSE NO. 14.:

To the extent that any person suffered detriment, such was unavoidable. No person is responsible for that which no person can control. (Civ. Code, § 3526.)

AFFIRMATIVE DEFENSE NO. 15.:

If and to the extent that the allegations of the complaint attempt to enlarge upon the facts and contentions set forth in the California Victim Compensation and Government Claims Board claim, if any there was, said complaint fails to state a cause of action and is barred by Government Code sections 905.2, 911.2 and 950.2.

AFFIRMATIVE DEFENSE NO. 16.:

At the time and place alleged in the complaint, defendants were peace officers in the course and scope of employment. At all relevant times, defendants had reasonable cause to believe that plaintiff had committed a public offense in an officer's presence, to wit, a violation of the law of the State of California, and so believing, exercised the power, and discharged the duty, of lawful arrest.

//

//

Def. Dale Coppage's Ans. to Ptf. Cmpt.; Demand for Jury Trial    Joseph Halbleib v. CHP Officer Dale Coppage, et al.
Case No. C 08-02657-CW

8

AFFIRMATIVE DEFENSE NO. 17.:

Answering defendants will be entitled to reasonable attorney fees and costs of suit upon prevailing within the meaning of 42 United States Code section 1988.

AFFIRMATIVE DEFENSE NO. 18.:

At all relevant times, defendants exercised due care and acted only in the execution or enforcement of the law.

AFFIRMATIVE DEFENSE NO. 19.:

The complaint herein fails to state facts sufficient to constitute a cause of action in that simple negligence is not a federal civil rights violation. (*Daniels v. Williams* (1986) 474 U.S. 327 [88 L.Ed.2d 662, 106 S.Ct. 662].)

AFFIRMATIVE DEFENSE NO. 20:

The complaint fails to state a cause of action for violation of civil rights, as any deprivation of civil rights alleged in the complaint was not without due process of law.

AFFIRMATIVE DEFENSE NO. 21.:

Answering defendants have not deprived any person of any right, privilege or immunity guaranteed by the Constitution or laws of the United States. There has been no deprivation of any right, privilege or immunity guaranteed by the laws or Constitution of the United States.

AFFIRMATIVE DEFENSE NO. 22.:

All acts of defendants, if any there were, occurred in the proper exercise of police powers without malice or intent to deprive any person of any right arising under the Constitution or laws of the United States, or to do any person any other injury.

AFFIRMATIVE DEFENSE NO. 23.:

To the extent that the complaint herein seeks recovery on any common law tort theory, any liability for common law tort must be diminished in proportion to the amount of fault attributable to plaintiff and others.

//

//

Def. Dale Coppage's Ans. to Ptf. Cmpt.; Demand for Jury Trial    Joseph Halbleib v. CHP Officer Dale Coppage, et al.
Case No. C 08-02657-CW

9

1 AFFIRMATIVE DEFENSE NO. 24,:

2    Answering defendants are entitled to qualified and official and quasi-judicial immunity. Defendants acted at all times herein relevant in good faith, with due care, within the scope of discretion, and pursuant to laws, regulations, rules, and practices reasonably believed to be in accordance with the Constitution and laws of the United States. There is no liability pursuant to the Federal Civil Rights Act where one acts in good faith and entertains an honest, reasonable belief that one's actions are in accord with the clearly-established law. (*Harlow* v. *Fitzgerald* (1982) 457 U.S. 800, 818 [73 L.Ed.2d 396, 102 S.Ct. 2727].)

AFFIRMATIVE DEFENSE NO. 25.:

   No individual defendant is liable for any injury or damages, if any there were, resulting from the operation of an authorized emergency vehicle while responding to an emergency call or while in the immediate pursuit of an actual or suspected violator of the law or while responding to a fire alarm or other emergency call. (Veh. Code, § 17004.)

AFFIRMATIVE DEFENSE NO. 26.:

   There is no liability for injury or damages, if any there were, caused by acts done or omissions made while operating an approved emergency vehicle with appropriate warning devices activated and with due care under the circumstances. (Veh. Code, § 21055.)

AFFIRMATIVE DEFENSE NO. 27.:

   California Civil Code section 3333.4 prohibits plaintiff from recovering for non-economic ("pain and suffering" or general) damages if:

   a) the plaintiff was operating the vehicle in violation of California Vehicle Code §21352 or §23153 at the time of the accident, and was convicted of that offense;

   b) the plaintiff was the owner of the accident vehicle, was not insured as required by California Vehicle Code §16020 et seq., and was not struck by a motorist operating a vehicle in violation of California Vehicle Code §23152 or §23153 at the time of the accident and convicted of that offense; or

   c) the plaintiff was the operator of the accident vehicle and was not insured as required by California Vehicle Code §16020 et seq.

Def. Dale Coppage's Ans. to Ptf. Cmpt.; Demand for Jury Trial    Joseph Halbleib v. CHP Officer Dale Coppage, et al.
Case No. C 08-02657-CW

10

1  AFFIRMATIVE DEFENSE NO. 28.:

2  There is no liability for any injury or damages, if any there were, resulting from an exercise of discretion vested in a public employee, whether or not such discretion be abused. (Gov. Code, §§ 815.2, 820.2.)

5  AFFIRMATIVE DEFENSE NO. 29.:

6  There is no liability in that the acts alleged in the complaint, if done at all, were done in the execution and enforcement of the law while exercising due care. (Gov. Code, §§ 815.2, 820.4.)

9  AFFIRMATIVE DEFENSE NO. 30.:

10  There is no liability for any injury or damages, if any there were, to participants in a hazardous recreational activity, to persons who assisted a participant in a hazardous recreational activity, or to spectators who knew or reasonably should have known that a hazardous recreational activity created a substantial risk of injury and were voluntarily in the place of risk, or, being able to do so, failed to leave the place of risk. (Gov. Code, § 831.7.)

Dated: July 30, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California
TYLER B. PON
Supervising Deputy Attorney General

*[signature]*

DAVID W. HAMILTON
Deputy Attorney General

Attorneys for Defendants
California Highway Patrol Officer Dale Coppage and
Former California Highway Patrol Commissioner
Michael Brown

Def. Dale Coppage's Ans. to Ptf. Cmpt.; Demand for Jury Trial    Joseph Halbleib v. CHP Officer Dale Coppage, et al.
Case No. C 08-02657-CW

11

1
**DEMAND FOR JURY TRIAL AND FOR**
**COURT REPORTER AT TIME OF TRIAL**
2

3       Answering defendant respectfully demands trial by jury and a court reporter at time of
4   trial.

5

6       Dated: July 30, 2008

7                                   Respectfully submitted,

8                                   EDMUND G. BROWN JR.
                                    Attorney General of the State of California
9                                   TYLER B. PON
                                    Supervising Deputy Attorney General
10

11                                  /s/ David W. Hamilton

12                                  DAVID W. HAMILTON
                                    Deputy Attorney General

13                                  Attorneys for Defendants
                                    California Highway Patrol Officer Dale Coppage and
14                                  Former California Highway Patrol Commissioner
                                    Michael Brown

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Def. Dale Coppage's Ans. to Ptf. Cmpt.; Demand for Jury Trial    Joseph Halbleib v. CHP Officer Dale Coppage, et al.
                                                                                Case No. C 08-02657-CW

12