1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  TYLER B. PON
   Supervising Deputy Attorney General
3  DAVID W. HAMILTON, State Bar No. 88587
   Deputy Attorney General
4   1515 Clay Street, 20th Floor
    P.O. Box 70550
5   Oakland, CA  94612-0550
    Telephone:  (510) 622-2193
6   Fax:  (510) 622-2121
    Email:  David.Hamilton@doj.ca.gov
7
   Attorneys for Defendant
8  California Highway Patrol Officer Dale Coppage

9  CAMELIA BARAY, State Bar No. 179219
   BONJOUR, THORMAN, BARAY & BILLINGSLEY
10 24301 Southland Drive, Suite 312
   Hayward, CA 94545
11 Telephone:  (510) 785-8400
   Fax:  (510) 670-0955
12
   Attorneys for Plaintiff
13 Joseph Halbleib

14

15                   IN THE UNITED STATES DISTRICT COURT

16                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

17                              OAKLAND DIVISION

18
   | **JOSEPH HALBLEIB,** | Case No. C 08-02657-CW |
   |---|---|
   | Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
   | v. | **[Civil L.R. 16-9]** |
   | **CALIFORNIA HIGHWAY PATROL OFFICER DALE COPPAGE, DOES 1-50, inclusive,** | |
   | Defendants. | |

25

26         Pursuant to Civil Local Rule 16-9(a), the parties to this action, plaintiff Joseph

27 Halblieb and defendant Dale Coppage, submit this Joint Case Management Statement:

28 //

**1. Jurisdiction and Service:**

This action arises under 42 U.S.C. § 1983. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343. No issues exist regarding personal jurisdiction or venue, and no parties remain to be served.

**2. Facts:**

On May 27, 2006 plaintiff Joseph Halbleib was riding his motorcycle westbound on Highway 580, accompanied by his friend Jonathan Bidwell, also riding a motorcycle. Defendant Dale Coppage, a California Highway Patrol ("CHP") Officer, was on duty on his CHP motorcycle on the same date at or about the same location. Coppage witnessed plaintiff and Bidwell speeding and initiated enforcement action. Coppage conducted a traffic stop on Bidwell, and then pursued Halbleib. Halbleib slowed down and Coppage pulled alongside him and directed Halbleib to pull over. As the two of them were slowing down, Halbleib and Coppage made contact, and Halbleib lost control, fell to the ground, and slid to a stop with his motorcycle on top of him. As a result of this incident, Halbleib allegedly suffered physical and emotional injury.

The principal disputed factual issue is that plaintiff contends that Officer Coppage intentionally kicked Halbleib's motorcycle, causing Halbleib to lose control, while Coppage contends that the two motorcycles collided due to Halbleib's conduct, or that at most the collision was an accident.

**3. Legal Issues:**

This is an action arising under the federal Civil Rights Act, 42 U.S.C. § 1983. The Fourth Amendment to the United States Constitution governs searches and seizures and the permissible use of force by a police officer. Thus, if the fact finder concludes that Officer Coppage actually used intentional force to apprehend plaintiff, then he can be found liable under § 1983 if his use of force was not "objectively reasonable" under the circumstances. *Graham v. Connor*, 490 U.S. 386 (1989).

Plaintiff's Position: The Fourth Amendment standard applies in this case as it governs all searches and seizures. A seizure occurs whenever an officer applies physical force to

1  effectuate an arrest, or, where that is absent, whenever there is "submission to the assertion of
2  authority." *California v. Hodari D.*, 499 U.S. 621, 626 (1991). Here, Halbleib was seized as
3  soon as he slowed down in response to Coppage's directions to pull over.

4  <u>Defendant's Position</u>:  The Fourth Amendment standard applies only to intentional
5  seizures of suspects by means of force "through means intentionally applied." *County of*
6  *Sacramento v. Lewis*, 523 U.S. 833, 844 (1998). No Fourth Amendment seizure takes place
7  when a police pursuit of a suspect ends in an accidental collision. *Ibid*. In such circumstances,
8  where there is a pursuit with no intentional use of force to effect a seizure, the case is governed
9  by the due process clause of the Fourteenth Amendment. *Id*. at 853-854. Defendant Coppage
10 would thus be liable under § 1983 only if plaintiff establishes that Coppage acted with a "purpose
11 to cause harm" unrelated to a legitimate law enforcement objective such that the officer's
12 conduct "shocks the conscience." *Ibid.*; *Moreland v. Las Vegas Metro. Police Dept.*, 159 F.3d
13 365 (9th Cir. 1998).

14       Plaintiff's pendent state law causes of action (negligence, battery, negligent hiring and
15 supervision, and intentional and negligent infliction of emotional distress) are governed by
16 California state law and the California Tort Claims Act, Gov. Code, § 810, et seq.

17       **4. Motions:**
18       There have been no motions by either side so far. Defendant will file a motion for
19 summary judgment on plaintiff's state law causes of action, which were filed beyond the statute
20 of limitations under the California Tort Claims Act. Defendant may file a motion for summary
21 judgment on the § 1983 cause of action based on qualified immunity or other grounds.

22       **5. Amendment of Pleadings:**
23       Defendant Michael Brown was previously dismissed voluntarily by plaintiff. No
24 amendments to the pleadings or additional dismissal of parties is anticipated at this time.

25       **6. Evidence Preservation:**
26       The CHP and defendant Coppage have taken steps to preserve all relevant evidence,
27 including electronic evidence.    Plaintiff has also taken steps to preserve all relevant evidence.
28 ///

**7. Disclosures:**

The parties have agreed to make their initial disclosures pursuant to Fed. R. Civ. P. 26 on or before September 29, 2008.

**8. Discovery:**

There has been no discovery to date. Defendant Coppage plans to take the deposition of plaintiff Halbleib, as well as his companion Bidwell. Plaintiff Halbleib plans to take the deposition of defendant Coppage. There were also three independent witnesses to the incident, and the parties expect to depose them. The parties also may serve written discovery on each other. Plaintiff also plans to file a *Pitchess* motion (see *Pitchess v. Superior Court*, 11 Cal.3d 531 (1974)) to discover any relevant personnel records of the defendant officer prior to this incident.

**9. Class Actions:**

Not applicable.

**10. Related Cases:**

There are no related cases or proceedings.

**11. Relief:**

In his complaint plaintiff prays for general and special damages, and also for punitive damages against defendant. Plaintiff will also claim attorney fees and costs pursuant to 42 U.S.C. § 1988 if he prevails on his § 1983 cause of action.

The amount of damages sought by plaintiff and the bases on which damages are calculated will be determined according to proof.

**12. Settlement and ADR:**

The parties are willing to participate in mediation and/or a court-sponsored settlement conference before a Magistrate Judge. The parties have complied with ADR Local Rule 3-5. Depositions of the two parties and the three independent witnesses need to be completed before the parties will be in a position to assess settlement.

**13. Consent to Magistrate Judge for All Purposes:**

The parties do not consent to a Magistrate Judge for all purposes.

**14. Other References:**

This case is not suitable for binding arbitration, a special master, or multidistrict litigation.

**15. Narrowing of Issues:**

At this time, the parties do not believe the issues can be narrowed by agreement. It is too early to assess whether any motions might narrow the issues.

**16. Expedited Schedule:**

This case is not suitable for expedited handling with streamlined procedures.

**17. Scheduling:**

The parties propose the following litigation dates:

| | |
|---|---|
| Fact discovery cutoff | March 13, 2009 |
| Rule 26 expert reports | May 1, 2009 |
| Hearing on dispositive motions | May 29, 2009 |
| Expert depositions completed | June 19, 2009 |
| Pretrial conference | July 7, 2009 |
| Trial | August 4, 2009 |

**18. Trial:**

The case will be tried to a jury. The anticipated length of the trial is no more than two weeks (eight court days).

**19. Disclosure of Non-party Interested Entities or Persons:**

The parties have complied with Civil Local Rule 3-16. The parties have no such interests to report.

///

///

///

Joint Case Mgmt. Stmt.                                   Joseph Halbleib v. CHP Officer Dale Coppage, et al.
                                                                                                Case No. C 08-02657-CW

5

1 **20. Other Matters:**

2 Not applicable.

4 Dated: September 5, 2008

5 Respectfully submitted,

6 EDMUND G. BROWN JR.
Attorney General of the State of California
7 TYLER B. PON
Supervising Deputy Attorney General

9 _____/S/_____
DAVID W. HAMILTON
10 Deputy Attorney General

11 Attorneys for Defendant
California Highway Patrol Officer Dale Coppage

15 Dated: September 5, 2008

16 BONJOUR, THORMAN, BARAY &
BILLINGSLEY

18
19 _____/S/_____
CAMELLIA BARAY

20 Attorneys for Plaintiff Joseph Halbleib