1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  TYLER B. PON
   Supervising Deputy Attorney General
3  DAVID W. HAMILTON, State Bar No. 88587
   Deputy Attorney General
4   1515 Clay Street, 20th Floor
    P.O. Box 70550
5   Oakland, CA  94612-0550
    Telephone:  (510) 622-2193
6   Fax:  (510) 622-2121
    Email:  David.Hamilton@doj.ca.gov
7
   Attorneys for Defendant
8  California Highway Patrol Officer Dale Coppage

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| **JOSEPH HALBLEIB,**<br><br>                              Plaintiff,<br><br>      v.<br><br>**CALIFORNIA HIGHWAY PATROL OFFICER DALE COPPAGE, DOES 1-50, inclusive,**<br><br>                              Defendants. | Case No. C 08-02657-CW<br><br>**STIPULATION TO PROTECTIVE ORDER, AND ORDER THEREON** |

## STIPULATION

The parties to this action, by and through their respective counsel, hereby stipulate that (a) the California Highway Patrol ("CHP") documents in this case listed in defendant's privilege log as confidential or otherwise nondiscoverable, including confidential CHP personnel records of defendant CHP Officer Dale Coppage; (b) CHP policies deemed sensitive for reasons of officer safety and security; and (c) any other documents designated by stipulation of the parties hereafter as subject to this Protective Order, may only be disclosed to the plaintiff and his

counsel in this litigation subject to the following conditions and the Court's Protective Order:

1. The documents and their contents may be used by plaintiff and his counsel only in this litigation and may not be used in separate proceedings or actions at this time or in the future without first being obtained through proper discovery procedures or court orders in those separate proceedings or actions.

2. The documents and their contents may not be disclosed, copied, distributed, shown, described, or read to any person or entity (including, but not limited to, media representatives) by plaintiff or his representatives or agents, other than (a) the parties to this litigation; (b) the parties' attorneys, paralegals, and legal office staff in this litigation; and (c) the parties' expert consultants in this litigation for purposes of expert consultation and trial testimony preparation.

3. The plaintiff's expert consultants must sign an acknowledgment and agreement to be bound by the terms of this Protective Order, an executed copy of which will be provided to defendant's counsel within seven (7) days after formal disclosure of such consultants as expert witnesses in this litigation. The acknowledgment and agreement must contain the following language:

> "As an expert witness for the plaintiff in this lawsuit, I hereby acknowledge receipt of a copy of the signed Stipulation to Protective Order, and Order Thereon, approved and entered by the Court in this action, and I agree to be bound by all terms and conditions in that Protective Order and recognize that I may be personally found in contempt of Court or subject to other sanctions determined by the Court should I violate any term or condition in that Protective Order."

4. All documents produced subject to this Stipulation and Protective Order and copies thereof will be clearly marked "Confidential" to indicate that they are subject to this Protective Order.

5. All documents produced subject to this Stipulation and Protective Order and copies thereof must be returned to defendant's counsel upon the termination of this litigation.

6. This Protective Order does not in any way affect or prejudice the right of any party at the time of trial or other proceedings in this action to object to the use or admissibility of said documents at the trial or in other proceedings.

//

Stip. to Prot. Order, & [Proposed] Order Thereon    Joseph Halbleib v. CHP Officer Dale Coppage, et al.
Case No. C 08-02657-CW

2

7. Nothing contained in this Protective Order shall prohibit the parties' attorneys from using or referring to any information designated as confidential and disclosed pursuant to this Protective Order in motion papers or pleadings filed with the Court, provided that adequate provision is made to protect the confidentiality of the protected information. Any such confidential documents or portions thereof, or papers or pleadings referencing any such confidential information protected by this Protective Order, shall be lodged with the Court for filing under seal pursuant to the Court's rules and procedures (see Civil L.R. 79-5). For purposes of any deadline, the date of lodging said papers, pleadings, or documents shall be deemed the date of filing.

8. Violation of this Protective Order by plaintiff or any other person, including but not limited to plaintiff's expert witnesses and consultants, will result in sanctions to be determined by the Court upon application by defendant.

SO STIPULATED:

Dated: January   2009          EDMUND G. BROWN JR.
                               Attorney General of the State of California
                               TYLER B. PON
                               Supervising Deputy Attorney General


                               _____
                               DAVID W. HAMILTON
                               Deputy Attorney General

                               Attorneys for Defendant
                               California Highway Patrol Officer Dale Coppage

Dated: January   2009          BONJOUR, THORMAN, BARAY & BILLINGSLEY



                               _____
                               CAMELLIA BARAY, ESQ.

                               Attorney for Plaintiff Joseph Halbleib

## **ORDER**

Upon good cause shown, the above Stipulation of the parties is hereby approved and made the Order of this Court.

DATED: 2/11/09

*Claudia Wilken*

HON. CLAUDIA WILKEN
United States District Judge

Stip. to Prot. Order, & [Proposed] Order Thereon        Joseph Halbleib v. CHP Officer Dale Coppage, et al.
Case No. C 08-02657-CW

4