UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH HALBLEIB, | No. C-08-2657 CW (EMC) |
| Plaintiff, | |
| v. | **ORDER RE IN CAMERA REVIEW** |
| CHP OFFICER DALE COPPAGE, | **(Docket Nos. 38, 62)** |
| Defendant. | |

_____/

Previously, the Court ordered Defendant to provide certain documents for in camera review. *See* Docket No. 62 (order, filed on 7/6/2009). Defendant has now submitted those documents and, having reviewed those documents, the Court orders that they be produced to Plaintiff pursuant to the protective order in this case.

**I. DISCUSSION**

As a preliminary matter, the Court notes that Defendant submitted for in camera review two categories of documents. *See* Docket No. 64 (Hamilton Decl. ¶¶ 3). However, the Court's order of July 6, 2009, made clear that it would be conducting an in camera review for the first category of documents only. Defendant was required to produce the second category of documents to Plaintiff. Accordingly, the Court orders that, if Defendant has not already done so, the second category of documents shall immediately be produced to Plaintiff, subject to the protective order. *See* Docket No. 64 (Hamilton Decl. ¶ 3) (Bates Nos. 136-43, 619-88, and 718-73).

As to the first category of documents, they relate to a November 2007 training incident. *See* Docket No. 64 (Hamilton Decl. ¶ 3) (Bates Nos. 296-483). The Court has reviewed those documents and concludes that the documents should be produced in their entirety. Without making any conclusion as to ultimate admissibility, the incident is relevant for discovery purposes because it relates to Defendant's care and conduct in motorcycle riding as well as his veracity. Moreover, the documents at issue are relevant because they reference other incidents which are relevant to the case at bar -- *e.g.*, interim reporting for substandard performance (from December 2006 to March 2007); a collision that took place on July 29, 2006; and a collision that took place on September 24, 2007. Accordingly, consistent with *Soto v. City of Concord*, 162 F.R.D. 603 (N.D. Cal. 1995), the Court orders that the documents be produced to Plaintiff subject to the protective order. Such documents should be produced within ten days of the date of this order.

This order disposes of Docket Nos. 38 and 62.

IT IS SO ORDERED.

Dated: July 10, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge

2